IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH BARKLEY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-18-1909 |
| RICKY FOXWELL, Warden and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Keith Barkley's Motion for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).[1] The Petition is ripe for review, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018); Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing). For the reasons set forth below, the Petition will be denied and dismissed as time-barred and a certificate of appealability shall not issue.

### I. BACKGROUND

Petitioner Keith Barkley was convicted by a jury in the Circuit Court for Wicomico County, Maryland of heroin possession, aggravated possession of heroin with intent to

---

[1] Although Barkley was incarcerated at Eastern Correctional Institution at the time he filed this Petition, he has since been released, thereby mooting his request for habeas relief. Nonetheless, Barkley has informed the Court that he wishes to proceed in this matter. (See ECF No. 10).

distribute, and possession of cocaine. On September 9, 2013, he was sentenced to a term of twenty years' imprisonment for aggravated possession of heroin with intent to distribute and a four-year concurrent term of imprisonment for cocaine possession. The court merged the conviction for possession of heroin into the offense of aggravated possession of heroin for sentencing purposes. (State Record ["SR"] at 8, 14, ECF No. 6-1).

The Court of Special Appeals of Maryland affirmed the judgment of conviction on September 2, 2014. (Id. at 13). Barkley did not file for certiorari review by the Court of Appeals of Maryland. (Id. at 4).

On December 1, 2015, Petitioner filed a Post-Conviction Petition in the Circuit Court for Wicomico County. (SR at 4). The circuit court denied relief, (see id. at 48–78), and on June 23, 2017, the Court of Special Appeals summarily denied Barkley's application for leave to appeal, (id. at 89–90).

On June 18, 2018, Barkley filed the current Petition for federal habeas relief, presenting the following claims: (1) the trial court "erred by permitting to go to the jury a statement, belief, or opinion of another person to the effect that a witness is telling the truth or lying and [it was] reversible error to allow prosecutor to ask defendant whether each of three prosecution witnesses were lying, being police officers, since credibility of those witnesses was for the jury to decide," (Pet. at 4–5, ECF No. 1)[2]; (2) "trial counsel erred by failing to protect petitioner's credibility from the State's false assertion that a preliminary hearing never took place and its 'were they lying' questions, and as to him being a user,"

---

[2] Citations to Barkley's Petition and Reply refer to page numbers assigned by the Court's electronic case filing system.

(id. at 8); (3) "trial counsel erred in not obtaining evidence form the Wicomico County Detention Center showing that Mr. Barkley was a drug user of heroin," (id. at 12); and (4) the cumulative effect of trial counsel's errors required reversal of the conviction., (see id. at 18–19).

On September 14, 2018, Respondents filed an Answer seeking dismissal of the Petition as time-barred. (ECF No. 6). Barkley filed Replies on September 21, 2018 and October 29, 2018. (ECF Nos. 7, 9).

## II.   DISCUSSION

**A.   Statute of Limitations**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. See 28 U.S.C. § 2244(d)(1); Wall v. Kholi, 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, see 28 U.S.C. §2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. See 28 U.S.C. § 2244(d)(1)(B)–(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The one-year period is tolled statutorily while properly filed post-conviction proceedings or other collateral review are pending and may otherwise be equitably tolled. See 28 U.S.C. § 2244(d)(2); Wall, 562 U.S. at 549; Holland v. Florida, 560 U.S. 631, 650–51 (2010); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling, however, applies only where there are "extraordinary circumstances." Holland, 560 U.S. at 634. Thus, to be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. Equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

4

way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, the Court of Special Appeals entered its mandate on October 2, 2014. (SR at 47). Barkley's conviction became final fifteen days later, upon the deadline to petition the Maryland Court of Appeals for certiorari. See Md. Rule 8-302(a) (providing a petition for writ of certiorari may be filed no later than fifteen days after the issuance of the mandate). The limitations period thus expired on October 17, 2015. Barkley did not submit a "properly filed application for State post-conviction or other collateral review" to toll the running of the limitations period during this time. 28 U.S.C. § 2244(d)(2).

Because this Petition was not filed until June 18, 2018, it is time-barred unless equitable tolling paused the running of the limitations period. Barkley asserts as a basis for equitable tolling that from October 17, 2014 to October 17, 2015, he was "derailed by the officers within the institution that [sic] was involved in the drug corruption here at Eastern Correctional Institution." (2d Reply at 1–2, ECF No. 9). Barkley states that he was placed in administrative "lock up" from March 25, 2015 to April 18, 2015" and then placed on the other side of the prison and "retaliated" against from 2015 to 2016. (Id. at 2). He alleges that his mail was tampered with until he contacted agents of the Federal Bureau of Investigation ("FBI") and was interviewed by an FBI agent in October 2016. (Id. at 2, 3).

Barkley's allegations about his prison housing, mail tampering, and retaliation, provide no details to demonstrate how such conditions prevented him from timely filing his federal habeas petition. Barkley's assertions that he was unable to file his federal petition during this time are belied by his December 1, 2015 filing of a Post-Conviction

5

Petition in the Circuit Court for Wicomico County. (See SR at 4). Even if the Court were to accept that these conditions prevented his timely filing, Barkley fails to show diligent pursuit of his rights during the more than one year between October 2016, when he was interviewed by FBI and the purported mail tampering ceased, and when he filed the Petition on June 18, 2018. Having failed to demonstrate diligent pursuit of his rights and show that he was prevented from filing his federal petition due to extraordinary circumstances, Barkley does not satisfy the standard for equitably tolling the limitations period.

**B.**     **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Barkley must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Barkley has not made the requisite showing, the Court declines to issue a certificate of appealability. Barkley may nonetheless request a certificate from the United States Court of Appeals for the Fourth Circuit. See Fed.R.App.P. 22(b); Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III.   CONCLUSION

For the foregoing reasons, Barkley's Petition for a Writ of Habeas Corpus is DISMISSED as time-barred under 28 U.S.C. § 2244(d). A certificate of appealability shall not issue. A separate Order follows.

Entered this 16th day of April, 2021.

/s/
George L. Russell, III
United States District Judge